## Goddin *vs* Shipley.

ASSUMPSIT.

APPEAL FROM THE MADISON CIRCUIT.

*Case* 140.

*Law of the contract.   Days of grace.*

CHIEF JUSTICE MARSHALL delivered the opinion of the Court.

*September* 27.

THIS was an action of assumpsit by Shipley, as assignee of Walker & Kennett, against H. Goddin, the payee and first assignor or endorser of a promissory note, signed by A. C. Goddin, payable to H. Goddin, and endorsed by him and by Walker & Kennett. The note is dated "St. Louis, July 16th, 1841," and promises fifteen months after date, to pay to the order of Hugh Goddin, $1,886 95, without defalcation or discount, for value

*Case stated.*

7m575
89  464

7m575
99  29

7bm575
108  277

7bm575
119  633

received, negotiable and payable at the office of the St. Louis Perpetual Insurance Company.

By the 6th and 7th sections of an act of the Legislature of Missouri, approved February, 1835, and read in evidence on the trial, it is enacted, sec. 6, that every promissory note for the payment of money expressed on the face thereof to be for value received, negotiable and payable "without defalcation," shall be due and payable as therein expressed, and shall have the same effect, and be negotiable in like manner, as inland bills of exchange. And sec. 7, that the payee and endorsers of every negotiable note payable to them or order, and the holder of every such note payable to bearer, may maintain actions for the sums of money therein mentioned, against the makers and endorsers of them respectively, in like manner as in case of inland bills of exchange, and not otherwise.

The declaration avers that the note was executed at St. Louis, in the State of Missouri; that on the 19th of October, 1842, it was presented for payment at the office of the St. Louis Perpetual Insurance Company, in the State of Missouri; that it was not paid. &c.; that the defendant had due notice, &c., and that by means thereof and the statute of the State of Missouri, the defendant became liable to pay, &c. The alledged presentation, non-payment, and notice, were proved as averred, the notice having been sent by mail from St. Louis, directed to the defendant at Richmond, Kentucky, the place of his residence. And upon evidence conducing to prove that the note was in fact made at Richmond, Kentucky, and there endorsed by the defendant, he moved the Court to instruct the jury, that if it was so made and endorsed, they should find for him. But this instruction was refused, and on motion of the plaintiff, the jury was instructed, that if they found the St. Louis mentioned in the note as the place of payment, was the city of St. Louis in the State of Missouri, the law of that State governed the rights of the parties, and if the further believed the other evidence in the case, they must find for the plaintiff.

The propriety of refusing the first and giving the last of these instructions, presents the principal question for our consideration.

The general principle that a contract, referring by its own terms, to a particular place where it is to be performed, is to receive its construction and legal character and effect from the laws of the place thus referred to, is in itself so obviously reasonable, and on the score of authority, so well established as to preclude all discussion of its correctness. Nor is there any room for questioning that the note in this case comes fully up to the description of the notes to which the 6th section of the statute of Missouri relates. Indeed, supposing St. Louis in Missouri, to be the place referred to, it might be assumed that the terms of the note were adopted with the express view of bringing it fully up to the requisition of that section, and to the very end that it might receive its character and operation from that statute. It is then not only in virtue of the general principle above stated, but by the direct intention of the parties, that this note, wherever executed, should be regarded, as in character and effect, an inland bill, if it referred to St. Louis in Missouri.; and if it was in truth, made in Kentucky, the circumstance that it was nevertheless, dated "St. Louis" proves the more certainly the intention that it should take its character and effect from the laws of Missouri. According to those laws the note is in effect, an inland bill of exchange, and the rights and liabilities of the parties are to be governed by the law relating to those instruments. It is to be treated as an inland bill of exchange, not only in Missouri, but wherever its character and effect come in question. Then the payee and first endorser being an immediate party to the instrument, must be presumed to have concurred in its terms and in the intention which they indicate, of making it, in effect, an inland bill of exchange, and it should perhaps, be inferred that he intended to become liable as the endorser of an inland bill of exchange. The instrument itself being subject to the mercantile law, it would seem to be a legitimate consequence, that the endorsements made on it, and authorized by that law, should also be governed by

A contract referring by its terms to a particular place of performance, is to be construed, and its legal character determined by the law of the place of performance.

GODDIN
vs
SHIPLEY.

Though a bill be drawn in Kentucky, or a note given in Ky., yet if it be dated as at St. Louis, and payable in St. Louis, the law of Missouri, the place of payment determines its legal character.

it. Whether, if the note were actually assigned in Kentucky, for value, and by a citizen of Kentucky, so that there was a complete contract of assignment here, the assignor might be held liable here as the endorser of a bill of exchange, and upon such diligence against the maker of the note as would be sufficient in case of an actual bill of exchange against the acceptor, may however, be considered as a doubtful question, since the assignment would itself, be a new contract, which although in its direct effect of passing the title in the instrument, it should be referred to the law which governs the instrument itself, may not, so far as it creates an implied liability, or contract to pay if the debt is not made out of the maker of the note, be referrable to the same law. The present case, however, does not require a direct decision of this precise question. There is no evidence from which it could be inferred that the note, though the name of the payee may have been put on it in Kentucky, was actually negotiated or sold or transferred in this State, nor until it was delivered to Walker & Kennett, who resided at St. Louis in Missouri. The date and tenor of the note, the fact of the residence of the maker and the first endorsees or assignees at St. Louis, and the fact that the only evidence of the place where it was endorsed, is in the proof that the payee lived in Kentucky and had never been in Missouri, without proof that the note was ever in the hands of any assignee in Kentucky, instead of proving that there was a contract of assignment or endorsement in Kentucky, tends to prove that there was no such contract in Kentucky, but that the note was made and the payee's name endorsed on it for the accommodation of the maker, with a view to its negotiation at St. Louis or in Missouri, and that until so negotiated there, it remained in the hands of the maker. It is, however, immaterial whether the note was endorsed for the accommodation of the maker, or whether it evidenced a real debt to the payee, and was endorsed or assigned by him for value. The mere endorsement of his name upon the note, did not make a contract without delivery or acceptance. There being then no evidence of such a contract in Kentucky, as could have made the law of Ken-

tucky applicable to the endorsement, as to a contract made in this State, the instruction that if the note was made and endorsed in this State the plaintiff could not recover, was properly overruled.

Under this view of the law of the case, and there being no contrariety of evidence on any matter involved, the instruction given by the Court as above stated, would not be deemed erroneous, and the judgment would be affirmed as being founded on a verdict which the jury were bound to render as they did, for the plaintiff, were it not for a defect of the proof as to the due presentation of the note. The note was presented three days after the expiration of the time mentioned for payment, and probably on the last day of grace. But the number of days of grace is fixed by the local law and not by the law merchant, which refers it to the law or usage of the place or country where the instrument is payable. And there is no evidence of the law of Missouri on this subject, none at least which would authorize the Court to withdraw the fact from the jury as is done by the instruction which places their verdict upon the single question as to whether the St. Louis mentioned in the note, is St. Louis in Missouri.

*When the local law of a State does not fix the days of grace which shall be allowed upon negotiable notes, the law merchant fixes it, which is by custom, varying in different places, and the custom should be proved.*

Wherefore, for this error alone, the judgment is reversed and the cause remanded for a new trial.

*Caperton* for appellant; *Turner* for appellee.